10-457-ag
Shi  v. Holder

BIA
Holmes-Simmons, IJ
A088 017 548

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of March, two thousand eleven.

PRESENT:
> JOSEPH M. McLAUGHLIN,
> ROBERT A. KATZMANN,
> PETER W. HALL,
> *Circuit Judges.*

_____

XU BIN SHI,
> *Petitioner,*

> v.                                          10-457-ag
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Oleh R. Tustaniwsky, Brooklyn, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Michelle Gorden Latour, Assistant Director; Tracie N. Jones, Trial Attorney, Office of

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Xu Bin Shi, a native and citizen of China, seeks review of a January 15, 2010, decision of the BIA affirming the August 4, 2008, decision of Immigration Judge ("IJ") Theresa Holmes-Simmons, which denied his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Xu Bin Shi*, No. A088 017 548 (B.I.A. Jan. 15, 2010), *aff'g* No. A088 017 548 (Immig. Ct. N.Y. City Aug. 4, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Manzur v. DHS*, 494 F.3d 281, 289 (2d Cir. 2007). As Shi has not raised any arguments regarding persecution on the basis of resistance to a coercive population control policy, or past persecution while in China, we address only his claim of future persecution on account of his practice of Falun Gong. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

Shi argues that he has a well-founded fear of persecution if he returns to China as a result of his practice of Falun Gong. Because Shi has failed to present evidence to demonstrate that the Chinese government is aware of his practice of Falun Gong, or likely to become aware of his practice, he has not established that he has a well-founded fear of future persecution. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008)("Put simply, to establish a well-founded fear of persecution in the absence of any evidence of past persecution, an alien must make some

2

showing that authorities in his country of nationality are either aware of his activities or likely to become aware of his activities."). Accordingly, the agency did not err in finding that Shi has not established eligibility for asylum. *See* 8 C.F.R. § 1208.13(b)(1), (2). Moreover, because Shi was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal or CAT relief. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); *Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d Cir. 2006); *Gomez v. INS*, 947 F.2d 660, 665 (2d Cir. 1991).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3